Baker v. Clancy.

---

## George Baker, Jr., v. Thomas Clancy.

1. CONSTRUCTION OF WRITTEN INSTRUMENTS—*Release of Covenants in a Lease.*—A release from all liability or obligation to perform any of the covenants and agreement of a lease includes the obligation to pay rents due and to become due.

Suit for Rent.—Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1896. Reversed and judgment entered in this court. Opinion filed March 8, 1897.

CRATTY BROS., JARVIS & CLEVELAND, attorneys for plaintiff in error.

PEASE & McEWEN, attorneys for defendant in error.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

Upon appeal from a justice of the peace the defendant in error recovered the judgment from which this writ of error is prosecuted.

The suit was for rent for the month of April, 1895, claimed to be due and owing under the terms of a certain written demise for two years, of a flat, from the defendant in error to the plaintiff in error, dated May 1, 1894, at $55 a month.

The only defense was of release under seal. All rent prior to that for the month of April, 1895, was paid.

On April 1, 1895, the plaintiff in error paid the rent for March, and at the same time paid to defendant in error one hundred and sixty dollars more, as a bonus for, or in consideration of the release in question, and thereupon there was indorsed by the defendant in error and delivered to plaintiff in error, on the back of the lease, a release in the following words and figures:

" Know all men by these presents: That I, Thomas Clancy, in consideration of one dollar and other valuable considerations to me paid by George A. Baker, Jr., do hereby release the said George A. Baker, Jr., lessee in the within lease, from all liability or obligation to perform any of the covenants and agreements contained in said lease, said Baker to vacate the 30th day of April, 1895, and in consideration of the above this lease shall become and be fully canceled and terminated on the 30th day of April, 1895.

Witness my hand and seal this first day of April, 1895.

THOMAS CLANCY. [SEAL.]

Nothing was said at the time about the April rent.

The only question in the case is, what is the true construction to be placed upon the release ? The trial judge held certain propositions of law, the cause having been submitted to him without a jury, to the effect that Baker was not released from the rent for the month of April, and was liable therefor, and gave judgment accordingly.

The discharging part of the instrument is perfectly plain

and unambiguous; it is that Baker, the lessee, is thereby released " from all liability or obligation to perform any of the covenants and agreements contained in said lease."

Such a discharge was perfectly consistent with a continuation of the estate or term demised.

The estate conferred by the lease was one that did not at all necessarily depend upon the payment of rents. It could as well be created and continue to exist without payment of rent as with it, if the parties should so agree.

The provisions of the release, that Baker should vacate the premises and that the lease should be canceled, and the estate ended on April 30th, were not in the least degree inconsistent with, nor did they render at all ambiguous the discharge from payment of rent from the date of the writing.

The judgment of the Circuit Court is reversed, and judgment for the plaintiff in error will be entered in this court.

Reversed, and judgment here.